# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JAMES NICHOLS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **CASE NO. _____** |
| § | |
| § | |
| § | |
| § | |
| **AMERICAN STATE BANK,** § | |
| **STEELE BANCSHARES, INC.** § | |
| **and BRANDON STEELE,** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff James Nichols ("Nichols" or "Plaintiff") complains of Defendants American State Bank, Steele Bancshares, Inc. and Brandon Steele as follows:

### Parties

1. Plaintiff is an individual residing in Charlotte, North, Carolina.

2. Defendant American State Bank ("Defendant" or "ASB") is a bank with its principal place of business at 5202 Old Jacksonville Hwy, Tyler, Texas 75703-3376.

3. Defendant Steele Bancshares, Inc. ("SBI") is a Texas corporation and the holding company for ASB.  Defendants ASB and SBI may be served by their

**Plaintiff's Original Complaint - Page - 1**

registered agent, the Blum Firm, 777 Main Street, Suite 550, Fort Worth, Texas 76102.

4.     Defendant Brandon Steele is an individual residing at 10693 County Road 2180, Whitehouse, TX 75791 who may be served process at the above address or by serving him at his place of business at 5202 Old Jacksonville Hwy. Tyler, Texas 75703-3376.

## Jurisdiction and Venue

5.     <u>Diversity Jurisdiction</u>. Jurisdiction before this court is proper pursuant to 28 United States Code Section 1332, which provides for diversity jurisdiction. In this matter, the parties are diverse with Plaintiff being a citizen of a state other than Texas and Defendants ASB and SBI being registered corporations of the State of Texas and Defendant Steele being an individual who is a citizen of Texas, respectively. *See* 28 U.S.C. § 1332.  The amount in controversy is within the Court's jurisdictional limits and exceeds $75,000. *Id.*

6.     Venue is proper in this District because all or a substantial part of the events or omissions giving rise to one or more of Plaintiff's claims occurred in this District (Smith County) and because the parties agreed to jurisdiction in Smith County pursuant to an Employment Agreement made the basis of this action.

## Facts

7.     ASB is a Texas based bank with 13 branches - primarily in East Texas.

8.     Plaintiff has been in the financial services industry for the last 25 years with extensive experience in the area of wealth management and digital services.

9.     In late June 2022, Plaintiff was introduced to a recruiting firm, Chartwell

**Plaintiff's Original Complaint - Page - 2**

Partners ("Chartwell"). At that time, Chartwell was recruiting candidates for the CEO position for ASB's new digital bank division.

10. In July 2022, Chartwell presented Plaintiff as a candidate to the owner and acting Chairman of the Board of ASB, Defendant Brandon Steele. The Digital CEO role would report to Defendant Steele as a separate division of ASB.

11. On Aug 11, 2022, Plaintiff flew to Dallas to interview for the CEO role with Mr. Steele. Thereafter, and following several conversations by phone between Plaintiff and Mr. Steele, ASB presented Plaintiff with an offer of employment on August 18, 2022. Because Plaintiff had two other job opportunities that were also at the offer stage (Principal Financial and E&Y), Plaintiff asked for additional terms to be included in the ASB offer including a signing bonus, separation pay, and potential to participate in the bank growth via equity ownership.

12. ASB agreed to the terms and provided Plaintiff with a revised offer on August 22, 2022 – a copy of which is attached as Exhibit 1 to this Complaint. In response, Plaintiff accepted the offer (hereinafter the "Offer Letter Agreement") - and in doing so turned down multiple other offers of employment. ASB wished for Plaintiff to begin work immediately and, as a result, Plaintiff began work immediately.

13. Although the Offer Letter Agreement contained the relevant and material terms of Plaintiff's employment with ASB, the parties agreed to further delineate additional terms of Plaintiff's employment in a separate employment agreement. Thereafter, the parties began working on it.

14. A short time later, in December 2022, Steele resigned from the Board and Bud

Holmes ("Mr. Holmes") was appointed the new Chairman of ASB.

15. After multiple exchanges of the draft employment agreement over a couple of months, Plaintiff sent an email to ASB's corporate attorney, Robert Flowers, on December 18, 2022 confirming the final "final verbiage" of the Employment Agreement. Shortly thereafter, Mr. Flowers sent Plaintiff an email stating that we're "going to get them [the employment agreements] approved at the [board] meeting before year end" and that he'd "been assured, however, they WILL be approved as offered." Later in December, ASB's Board attempted to ratify several employment agreements including Plaintiff's. At that point, for reasons likely only known to Mr. Steele, *Mr. Steele communicated to the Board threatening to sue the Board members if the employment agreements were ratified.*

16. Although Plaintiff's Employment Agreement was not formally ratified by the board, ASB ratified the Employment Agreement by performance as it continued to comply with the terms of the Employment Agreement and Offer Letter Agreement. Consistent with both agreements, for example, Plaintiff submitted expenses for Country Club dues and for his car allowance. ASB reimbursed Plaintiff for the expenses from his start date until his termination in late March 2023 - in addition to paying Plaintiff his salary as set forth in the Employment Agreement.

17. On January 6, 2022, the legacy bank CEO (Kelly Sanders) and the current Chairman (Mr. Holmes) met with Plaintiff and, instead of confirming the Employment Agreement had been formally ratified, notified him that his employment was being terminated. The stated reason for termination was lack of capital to invest in the

digital bank. Though surprised by the Bank's decision, Plaintiff took solace in the fact that ASB owed him severance plus other contracted payouts and raised the matter with the bank. At that point, ASB, for the first time, took the view that he was not entitled to any severance - even though the Offer Letter Agreement committed ASB to it, and additional details were provided in the Employment Agreement confirming ASB's obligations.

18. Through counsel, Plaintiff made written demand for the remainder of the amounts owed under his Offer Letter Agreement and Employment Agreement - including approximately $900K comprised of his deferred signing bonus, severance and pro-rata annual bonus.

19. To date, Defendant ASB has refused to pay the full amount of the compensation owed, despite repeated demands for same necessitating Plaintiff to file this lawsuit.

## COUNT 1
### BREACH OF CONTRACT
(Against DefendantS ASB and SBI)

20. The foregoing paragraphs of this Original Complaint are incorporated in this Count as fully as if set forth at length herein.

21. Plaintiff was a party to an agreement entered with ASB and/or SBI in connection with his employment.

22. Notwithstanding Plaintiff's full performance Defendants breached the Offer Letter Agreement and the Employment Agreement by not paying Plaintiff all amounts owed to him upon his termination without cause.

**Plaintiff's Original Complaint - Page - 5**

23.     Plaintiff has suffered damages as a result of Defendants' breach of contract.

24.     As a result of Defendant's failure to pay all amounts owed under the Offer Letter Agreement and/or the Employment Agreement, Plaintiff was required to retain counsel and is entitled to his attorneys' fees under Section 38.001 of the Texas Civil Practices and Remedies Code.

## COUNT 2
### PROMISSORY ESTOPPEL
(Against Defendants ASB and SBI)

25. The foregoing paragraphs of this Original Complaint are incorporated in this Count as fully as if set forth at length herein.

26. Pleading in the alternative, Defendants made promises to Plaintiff that it would employ him under the terms of the Employment Agreement.

27.  Plaintiff relied on Defendants' promises to his detriment as Defendants have refused to continue payment of the amounts owed.

28. Plaintiff has been damaged by Defendants' conduct and has had to retain counsel.

## COUNT 3
### FRAUDULENT INDUCEMENT
(Against All Defendants)

29. The foregoing paragraphs of this Complaint are incorporated in this Count by reference as fully as if set forth at length herein;

30. Pleading in addition or in the alternative, Defendants made multiple material representations to Nichols in inducing him to join ASB;

31. Defendants knew at the time that these representations were false or lacked knowledge of their truth;

32. Defendants intended that Plaintiff should rely or act on the misrepresentations;

33. Plaintiff relied on the misrepresentations; and

34. Plaintiff's reliance on the misrepresentations caused him injury and entitles Plaintiff to punitive damages.

## COUNT 4
TORTIOUS INTERFERENCE WITH CONTRACT AND/OR PROSPECTIVE CONTRACT
(Against Defendant Steele)

35. The foregoing paragraphs of this Original Complaint are incorporated in this Count by reference as fully as if set forth at length herein.

36. Pleading in addition or in the alternative, because of the conduct of Defendant Steele described above, Plaintiff's final Employment Agreement was not formally ratified by ASB's Board.

37. Steele's conduct is the proximate cause of Plaintiff's injuries and Plaintiff has incurred damages and/or loss due to Steele's wrongful conduct.

## Conclusion

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that on final hearing, the Court enter judgment as follows:

(1) Judgment in favor of Plaintiff against Defendants for all actual damages proximately caused by Defendants' breach of contract, fraud and tortious interference

(2) Judgment in favor of Plaintiff against Defendants for punitive damages, court costs, reasonable attorneys' fees, expert witness fees and deposition copy costs.

(3) Pre-judgment and post-judgment interest at the maximum rate allowable by

**Plaintiff's Original Complaint - Page - 7**

law;

(4)  Such other and further relief to which Plaintiff may be justly entitled.

Dated - October 31, 2023

                          Respectfully submitted,

                          **THE HARTMANN FIRM**
By: /s/ Clay A. Hartmann
Clay A. Hartmann
Texas State Bar No. 00790832

THE HARTMANN FIRM
400 N. St. Paul, Suite 1420
Dallas, Texas 75201
(214) 828-1822 - Telephone
clay.hartmann@thehartmannfirm.com

**ATTORNEYS FOR PLAINTIFF**



**BRANDON STEELE**

August 22, 2022

Via email: *jln.iv@hotmail.com*


**PERSONAL AND CONFIDENTIAL**

Mr. James L. Nichols
2801 Jem Court
Charlotte, NC 28226

Dear James:

On behalf of American State Bank, it is with pleasure that we confirm our offer of employment to you as Digital Bank CEO, reporting to me. As we have discussed, you will play a significant role in helping the bank accomplish its five-year strategic plan, and I am thrilled you are joining the senior leadership team.

Your position will be in Charlotte (we will provide office space for you and future team) with consistent time in our Texas offices. Your base salary will be $400,000 per year subject to all legally required deductions and paid on the 15th and last day of each month. Your compensation package will be evaluated each year and will be eligible for annual merit increases. You will also receive the following total compensation elements:

- Annual Incentive 100% - paid half in cash and half in synthetic equity (i.e., Performance Stock Units or SARs) tired to the profitability of the bank and annual management objectives (TBD). We will provide you further details on our Synthetic Equity Plan in another document. Bonuses are typically awarded and paid out by end of Q1 of each year. You 2022 bonus will be prorated for payout by end of Q1 2023.
- Incoming Synthetic Equity Grant – the bank will grant you $400,000 worth of synthetic equity upon completion of your employment agreement vesting in accordance with the synthetic equity plan agreement.
- Strategic Plan Bonus 2026 – you are eligible to participate in the bank's special, one-time bonus program if the bank achieves $5B in assets and a 2% ROA by end of calendar year 2026. If the goals are met, the bank will pay you a special bonus of three times your average total annual compensation package of your three highest paid years. Should a change of control occur or should the bank issue public equity prior to meeting the special bonus plan, the employment agreement will govern any payout provisions.
- Vacation/PTO – executive time off as defined in our benefits summary to be provided.

909 E Southeast Loop 323, Suite 777
Tyler, Texas 75701

Exhibit 1

Mr. James L. Nichols
August 22, 2022
Page 2

- You are eligible to participate in certain benefits which include:
  - Participation in the Bank's medical, dental, vision, flexible spending accounts, life and disability plans with no waiting period.
  - Participation and vesting in the 401(k) plan. The 401(k) matches up to 6% plus company contributes 3% regardless of employee contribution.
  - Country Club Dues
  - Car Allowance

Pending the satisfactory completion of all pre-employment processing, which could include background screening and credit screening, as well as execution of all required employment forms, your start date will be scheduled at a mutually agreeable date to be planned.

Upon signing and accepting this employment offer, we will draft an employment agreement using our outside legal counsel to further formalize the employment terms consistent with this offer letter. The employment agreement will include the compensation details contained in this letter, a change of control clause, severance agreement with one-time annual cash only compensation and other typical common provisions for the bank.

Please indicate your acceptance by signing below and returning to me via email. Should you have any questions, please feel free to contact me.

Best regards,


Brandon Steele
Chairman and CEO
ASB Capital

**PLEASE ACKNOWLEDGE YOUR RECEIPT AND ACCEPTANCE OF THIS OFFER BY SIGNING AND RETURNING A COPY VIA EMAIL.**

_____     8/22/2022
Mr. James L. Nichols                              Date

